UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| DALTON HOLLINS,<br>DYLAN HOLLINS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:22-cv-00141-JMS-KMB |
| MEGAN CARDOSI,<br>KAREN LINDSEY,<br>HEATHER ARNOLD,<br>EMILY YOUNG,<br>SANDRA ANTE, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER ON DEFENDANTS' MOTION TO MAINTAIN DOCUMENTS UNDER SEAL**

Currently pending before the Court is Defendants' Motion to Maintain Under Seal Exhibits Designated as Evidence in Support of Motion for Summary Judgment. [Dkt. 56.] Defendants seek to maintain under seal Exhibits A, B, C, and E filed in support of their Motion for Summary Judgment on the grounds that these documents concern juvenile court records, records related to the investigation of child abuse or neglect allegations, and/or records regarding children and facts learned about children. [Dkt. 56 at ¶¶ 2-3.] According to Defendants, such records are confidential under Indiana law and therefore must be sealed. [*Id.* (citing Ind. Code §§ 31-39-1-2; 31-33-18-1; 31-27-4-21).] Plaintiffs have not filed any response to Defendants' Motion.

When documents are used in a court proceeding to decide the merits of a party's claims, they are presumptively "open to public inspection unless they meet the definition of trade secret or other categories of bona fide long-term confidentiality." *Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009) (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). A showing of good cause is required to seal any portion of the record of a case from the public.

*Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999).  "The court may order that a filing be made under seal without redaction.  The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record."  Fed. R. Civ. P. 5.2(d).

The Court hereby **DENIES WITHOUT PREJUDICE** Defendants' Motion to Seal.  [Dkt. 56.]  Along with their Motion to Seal, Defendants contemporaneously filed **redacted** versions of Exhibit A, B, C, and E **under seal**.  [*See* dkts. 52-1; 52-2; 52-3; 52-4.]  It is not proper, however, to file redacted versions of documents preliminarily under seal.  Rather, documents that are filed under seal must be unredacted so that the Court can review the contents of such documents, determine whether the documents warrant sealing based on the reasons provided in the party's motion to seal and, if need be, rely on such contents in ruling on the related motion.  Further, because Defendants filed redacted versions of Exhibits A, B, C, and E, it is not clear whether they seek to seal only the redacted portions or the entirety of the exhibits.

**Within seven (7) days from the date of this Order**, Defendants are **ORDERED** file a new motion to seal, along with unredacted versions of the documents they seek to maintain under seal.  To the extent Defendants only seek to seal certain portions of the exhibits at issue, they should make that clear in their motion and file redacted versions for the public record.  The Court also notes that Defendants have filed their Designation of Evidence under seal, but they have not provided any authority in support of maintaining this document under seal.  [Dkt. 52.]  Thus, Defendants are also **ORDERED** to provide a basis for filing their Designation of Evidence under seal or a statement authorizing the unsealing of this document.  Failure to file a new motion to seal in accordance with the above instructions may result in the Court summarily unsealing the

documents at issue.  At this time, however, the Clerk is directed to maintain under seal the following ECF filings: Dkts. 52; 52-1; 52-3; 52-4.

**SO ORDERED.**

Date: 2/1/2024

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

DALTON HOLLINS
14573 Main Street
Moores Hill, IN 47032

DYLAN HOLLINS
14573 Main Street
Moores Hill, IN 47032